IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DWAYNE BRIGHAM, #46056-177, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:14-CV-1418-O-BK |
| | § | |
| MYRON BATTS, Warden, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner at FCI Big Spring, filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, which was automatically referred to the Magistrate Judge. *See* 28 U.S.C. 636(b) and Special Order 3. For the reasons that follow, this action should be summarily dismissed.

**I. BACKGROUND**

In 2013, Petitioner was convicted of Conspiracy to Distribute a Controlled Substance and was sentenced to 120 months' imprisonment to run concurrently to any sentence that may be imposed in the state court for theft of property by check in Wichita County. *United States v. Brigham*, No. 3:12-CR-0175 (N.D. Tex., Dallas Div., Dec. 23, 2013). On April 15, 2014, Petitioner filed a letter motion seeking credit for the 20 months he was in state custody for the same offense as in this case. [Doc. 3]. The Court liberally construed the letter motion to raise a habeas claim under section 2241, directed Petitioner file a habeas corpus petition on the court authorized form, and issued a questionnaire inquiring about exhaustion of administrative

1

remedies.  [Doc. 5; Doc. 6; Doc. 7].  In response to the latter, Petitioner advises that he has not sought any administrative remedy.  [Doc. 9 at 1].[1]

## II. ANALYSIS

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief.  *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal under section 2241 without ordering respondent to answer); *see also* Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts (providing for summary dismissal of habeas petition).[2]

The Attorney General, through the Bureau of Prisons, has the responsibility to calculate credit under 18 U.S.C. § 3585 for anytime spent in official detention.  *Leal v. Tombone*, 341 F.3d 427, 428 (5th Cir. 2003) (per curiam) (citing *United States v. Wilson*, 503 U.S. 329, 333-335 (1992)); *see also United States v. Dowling*, 962 F.2d 390, 393 (5th Cir. 1992) ("§ 3585(b) does not authorize a district court to compute credit for time spent in official detention at sentencing, but . . . credit awards are to be made by the Attorney General, through the Bureau of Prisons after sentencing.").  Although section 3585 does not refer to the Attorney General, it is well established that federal prisoners must exhaust their administrative remedies before seeking judicial review.  *United States v. Setser*, 607 F.3d 128, 133 (5th Cir. 2010) (quoting *Dowling*,

---

[1] Because Petitioner is incarcerated within the Abilene Division of the United States District Court for the Northern District of Texas, the Court retains jurisdiction over his section 2241 habeas petition.  In accordance with the amended habeas petition [Doc. 8], the Court has modified the caption to reflect the Warden at FCI Big Spring as the Respondent in this action.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004) (the proper respondent to a habeas petition under § 2241 is "the person who has custody over [the petitioner].").

[2] Rule 1(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides that the section 2254 rules are also applicable to habeas petitions not covered under section 2254.

2

962 F.2d at 393) (recognizing that federal prisoners must exhaust their administrative remedies before seeking federal habeas relief), *aff'd on other grounds*, 132 S.Ct. 1463 (2012).[3]

Here, Petitioner concedes that he has not exhausted his administrative remedies. [Doc. 9 at 1]. Moreover, his pleadings neither allege nor imply futility of administrative remedies. *See Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994) (*per curiam*) (exception to exhaustion requirement for federal habeas review applies only in extraordinary circumstances). Therefore, his habeas petition should be dismissed without prejudice for failure to exhaust administrative remedies. *See Estrada-Ambriz v. Dixon,* No. 3:11-CV-2176-N, 2011 WL 6130406 *1 (N.D. Tex. 2011), *recommendation accepted*, 2011 WL 6130017 (N.D. Tex. 2011) (dismissing as unexhausted pre-sentence time credit claim); *Brown v. Carswell*, No. 3:06-CV-1423-P, 2006 WL 2690020 (N.D. Tex. 2006) (dismissing as unexhausted time credit computation decision).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus under 28 U.S.C. § 2241 be **DISMISSED** without prejudice for failure to exhaust administrative remedies.

SIGNED July 11, 2014.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[3] The longstanding Fifth Circuit precedent also provides that a petitioner seeking habeas relief under section 2241 "'must first exhaust his administrative remedies through the Bureau of Prisons.'" *Rourke v. Thompson,* 11 F.3d 47, 49 (5th Cir. 1993) (quoting *United States v. Gabor,* 905 F.2d 76, 78 n. 2 (5th Cir. 1990)).

3

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In <u>order</u> to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE